UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-8851 PA (PDx) | Date | November 26, 2024 |
|---|---|---|---|
| Title | Nicole Black v. California Institute of Technology | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant California Institute of Technology ("Defendant"). (Docket No. 16 ("Motion").) Plaintiff Nicole Black ("Plaintiff") filed a Response to the Motion to Dismiss, in which Plaintiff indicates that she does not oppose the Motion. (Docket No. 21 ("Response").) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for December 9, 2024, at 1:30 p.m. is vacated, and the matter taken off calendar.

Plaintiff originally filed this action in the Los Angeles County Superior Court, Case No. 24STCV23669, on September 13, 2024. The Complaint alleges that Plaintiff was wrongfully terminated from her position as the Head of Benefits at the Jet Propulsion Laboratory at the California Institute of Technology in retaliation for her efforts to raise concerns about the Jet Propulsion Laboratory's administration of its employee retirement plan and potential violations of fiduciary duties in connection therewith. Based on these allegations, the Complaint asserts claims for retaliation and wrongful termination in violation of California state law. Defendant removed this action to federal court on October 15, 2024, based on federal question jurisdiction. Specifically, Defendant contends that Plaintiff's state-law claims are preempted by the Employee Retirement Income Security Act ("ERISA") and therefore removable to federal court under 28 U.S.C. § 1441(a).

Defendant now moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's claims are completely preempted by ERISA. Defendant argues that because both of Plaintiff's retaliation and wrongful termination claims relate to an ERISA-governed employee benefit plan, and because ERISA provides an independent cause of action for Plaintiff's claims, her claims should be dismissed without leave to amend. (See Mot.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-8851 PA (PDx) | Date | November 26, 2024 |
|---|---|---|---|
| Title | Nicole Black v. California Institute of Technology | | |

at pgs. 5-11.)  In her Response, Plaintiff concedes that she "is persuaded by Defendant's arguments in its Motion to Dismiss regarding ERISA preemption."  (Response at pg. 2.)[1/]

In declining to oppose the Motion to Dismiss and conceding Defendant's arguments regarding ERISA preemption, Plaintiff has effectively consented to the granting of Defendant's Motion.  See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").  Moreover, Plaintiff does not seek leave to amend her retaliation or wrongful termination claims, nor does she seek leave to amend the pleadings to assert an ERISA claim based on the facts alleged in the Complaint.  Accordingly, the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's retaliation and wrongful termination claims without leave to amend as completely preempted by ERISA.

## Conclusion

For the foregoing reasons, and pursuant to Local Rule 7-12, the Court grants Defendant's Motion to Dismiss.  Plaintiff's Complaint is dismissed without leave to amend, and this action is dismissed without prejudice.  The Court will issue a Judgment consistent with this Order.

The Scheduling Conference set for December 2, 2024, at 10:30 a.m. is vacated, and the matter taken off calendar.

IT IS SO ORDERED.

---

[1/]  Plaintiff also explains that she "intends in short order to either file a First Amended Complaint which eliminates any allegations of protected activity with respect to ERISA-governed retirement plans and adds causes of action grounded in the California Fair Employment and Housing Act, or, dismiss the action and file a new Complaint in Los Angeles County Superior Court with the aforementioned new causes of action which are not subject to removal."  (Id. (emphasis in original); see also Docket No. 19 (Joint 26(f) Report, indicating that Plaintiff intends to file amended complaint asserting claims not governed by ERISA and to file motion to remand).)  To date, however, Plaintiff has done neither.